## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RICK BONDS**, individually and
on behalf of all others similarly situated,

      Plaintiff,

      v.

**MXR IMAGING, INC.,**

      Defendant.

Civil Action No.: _____

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Rick Bonds ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Collective and Class Action Complaint against Defendant MXR Imaging, Inc. ("MXR" or "Defendant") and alleges as follows:

## INTRODUCTION

1.      This is a wage-and-hour action to recover unpaid overtime wages owed to field service engineers who service medical imaging equipment for Defendant.

2.      Defendant classifies field service engineers as exempt from overtime, pays them on a salary basis, and does not pay overtime compensation when they work more than forty (40) hours in a workweek.

3.      Field service engineers perform non-exempt field-service work, including traveling to customer sites, troubleshooting, repairing, servicing, installing, de-installing, and maintaining medical imaging equipment.

4.      Field service engineers regularly work more than forty (40) hours in a workweek. Their work includes on-site service calls, required travel, driving time, waiting time, paperwork, expense reports, emails, calls, after-hours work, weekend work, and other job-related tasks.

1

5. Defendant does not pay field service engineers one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

6. Defendant sometimes pays additional amounts labeled as after-hours pay or overtime pay period compensation. Those payments confirm that Defendant knows field service engineers perform work outside regular business hours, but they do not reflect payment of all overtime premiums required by law.

7. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sections 201 *et seq.*, on behalf of himself and similarly situated employees pursuant to 29 U.S.C. Section 216(b).

8. Plaintiff also brings state-law overtime claims individually and on behalf of Rule 23 classes of field service engineers who perform work in Michigan, Pennsylvania, Maryland, Virginia, Massachusetts, New Jersey, New York, Connecticut, Illinois, and Kentucky.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331 because that claim arises under federal law.

10. This Court has supplemental jurisdiction over Plaintiff's state-law overtime claims pursuant to 28 U.S.C. Section 1367 because those claims arise from the same employment relationship, classification practices, pay practices, overtime practices, travel practices, and compensable-work-time practices as Plaintiff's FLSA claim.

11. This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Pennsylvania as a foreign business corporation and has consented to the general jurisdiction of Pennsylvania courts under 42 Pa. Cons. Stat. Section 5301 and *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023).

12.    Defendant is registered in Pennsylvania as an active foreign business corporation. Its Pennsylvania entity number is 7048570, its initial Pennsylvania filing date is April 8, 2020, it was formed in California, and its registered office provider in Pennsylvania is CT Corporation System.

13.    Defendant also purposefully availed itself of the privilege of conducting business in Pennsylvania by registering to do business in Pennsylvania, maintaining a registered office provider in Pennsylvania, and employing or assigning field service engineers to perform work in Pennsylvania.

14.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391 because Defendant is subject to personal jurisdiction in Pennsylvania and because a substantial part of the events or omissions giving rise to the claims occurred in Pennsylvania, including field-service work and related travel, pay, and overtime practices affecting field service engineers.

## **PARTIES**

15.    Plaintiff Rick Bonds is an adult individual who resides in Wayne County, Michigan.

16.    Defendant employed Plaintiff as a salaried CT/MRI/PET-CT Field Service Engineer, a position referred to herein as a field service engineer.

17.    Defendant is a corporation formed under the laws of California.

18.    Defendant is registered to do business in Pennsylvania as an active foreign business corporation.

19.    Defendant maintains its principal corporate office at 4909 Murphy Canyon Road, Suite 120, San Diego, California 92123.

20.    At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA and the state overtime laws asserted in this Complaint.

3

21.    At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Defendant employed employees engaged in commerce, handled goods, equipment, materials, supplies, communications, instrumentalities, and records that moved in interstate commerce, and operated a multi-state field-service business.

22.    At all relevant times, Defendant's annual gross volume of sales made or business done exceeded $500,000.

## FACTUAL ALLEGATIONS[1]

23.    Plaintiff began working for Defendant on or about January 6, 2025.

24.    Plaintiff worked for Defendant through at least May 2026 and possibly thereafter.

25.    Plaintiff's job title was CT/MRI/PET-CT Field Service Engineer.

26.    Defendant classifies the CT/MRI/PET-CT Field Service Engineer position as exempt from the FLSA.

27.    Defendant pays field service engineers on a salary basis.

28.    Defendant's payroll records identify Plaintiff's pay type as salary.

29.    Plaintiff's regular salary was commonly reflected on pay records as regular earnings for an 80-hour biweekly pay period.

30.    Field service engineers travel and execute service requests, including repairs, planned maintenance, equipment de-installations, and equipment installations.

31.    Field service engineers troubleshoot and resolve technical issues using a laptop and other equipment.

---

[1] Unless specifically noted, the allegations herein apply to the period of six (6) years preceding the commencement of this action through the date of judgment.

32.     Field service engineers work with CT, MRI, PET-CT, and other medical imaging equipment.

33.     Field service engineers perform on-demand phone support, on-site support, planned maintenance, paperwork, customer communications, material handling, site and technical support, customer and sales-force communications, and related field-service tasks.

34.     Field service engineers travel within the United States to perform their jobs.

35.     Plaintiff performed work for Defendant in multiple states, including Michigan, Pennsylvania, Maryland, Virginia, Massachusetts, New Jersey, New York, Connecticut, Illinois, and Kentucky.

36.     Plaintiff performed work from his Michigan home base, including administrative work, communications, travel-related work, paperwork, and other job-related tasks.

37.     Field service engineers are required to be on call, including weekends and holidays.

38.     Field service engineers regularly work more than forty (40) hours in a workweek.

39.     For example, during the workweek starting on January 5, 2026, Plaintiff worked in excess of forty (40) hours for Defendant.

40.     Plaintiff also worked additional compensable time outside recorded labor and travel entries, including paperwork, expense reports, conference calls, emails, phone calls, waiting time, after-hours work, weekend work, and travel-related tasks.

41.     Compensable work time for field service engineers includes on-site service-call time, travel time, driving time, waiting time, work performed while traveling, paperwork, expense reports, emails, phone calls, conference calls, after-hours work, weekend work, and other job-related tasks.

42.     Defendant uses Salesforce or similar systems to record service-call information, work orders, and service-call hours, but those systems do not capture all hours that field service engineers work.

43.     Defendant's records do not capture all paperwork, expense reports, conference calls, phone support, emails, waiting time, travel time, and other compensable work performed by field service engineers.

44.     Defendant knows or should know that field service engineers work more than forty (40) hours in workweeks because Defendant assigns their work, requires travel, receives their service-call information, reviews their expense reports, communicates with them after hours, and pays some additional after-hours compensation.

45.     Defendant does not pay field service engineers one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

46.     Defendant does not pay field service engineers overtime premiums for all compensable work time performed in overtime weeks.

47.     Defendant's failure to pay overtime results from a common policy or practice of classifying field service engineers as exempt and failing to track, count, and pay all compensable work time in overtime weeks.

48.     Defendant's conduct is willful because Defendant knows that field service engineers perform field-service work, travel, work after hours, work weekends, and perform compensable work outside recorded service-call time, yet Defendant does not pay all required overtime premiums.

## FLSA COLLECTIVE ALLEGATIONS

49.     Plaintiff brings Count I as a collective action under 29 U.S.C. Section 216(b) on behalf of himself and the following collective:

*All salaried field service engineers employed by MXR Imaging, Inc. in the United States at any time during the three years preceding the commencement of this action through the date of judgment.*

50.    FLSA Collective Members are similarly situated because field service engineers work in the same or similar field-service positions, perform similar duties, are paid on a salary basis, are classified as exempt, and are not paid overtime premiums for all hours worked over forty (40) in a workweek.

51.    The claims of the FLSA Collective arise from Defendant's common policies, practices, and decisions, including its classification of field service engineers as exempt and its failure to track, count, and pay all compensable overtime hours.

52.    FLSA Collective Members are victims of Defendant's common unlawful pay practices.

53.    Plaintiff will file a written consent to join this action under 29 U.S.C. Section 216(b).

### RULE 23 CLASS ALLEGATIONS

54.    Plaintiff brings the state-law overtime claims under Federal Rule of Civil Procedure 23 on behalf of himself and the state overtime classes defined below.

55.    The members of the state overtime classes are ascertainable from Defendant's payroll records, personnel records, job-title records, classification records, assignment records, service-call records, expense records, travel records, work-order records, and other electronically stored information.

56.    Upon information and belief, the state overtime classes are so numerous that joinder of all members is impracticable.

57.    Common questions of law and fact include whether Defendant classifies field service engineers as exempt, whether field service engineers perform non-exempt work, whether

Defendant fails to pay overtime premiums, whether Defendant's pay practices violate state overtime laws, and the proper measure of overtime damages.

58. Plaintiff's claims are typical of the claims of the state overtime class members because they arise from the same classification, pay, travel, timekeeping, and overtime practices that apply to field service engineers.

59. Plaintiff will fairly and adequately protect the interests of the state overtime classes. Plaintiff has no interests antagonistic to the classes and is represented by counsel experienced in wage-and-hour litigation.

60. Questions of law and fact common to the state overtime classes predominate over questions affecting only individual members because the claims turn primarily on Defendant's common classification, pay, timekeeping, and overtime practices for field service engineers.

61. Class treatment is superior to other available methods for fairly and efficiently adjudicating the state-law overtime claims because individual overtime wage claims may be small relative to the cost of litigation, the class members are identifiable from Defendant's records, and common proof can resolve central liability and damages issues.

<u><strong>STATE CLASS DEFINITIONS</strong></u>

62. Michigan Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Michigan at any time during the three years preceding the commencement of this action through the date of judgment.

63. Pennsylvania Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Pennsylvania at any time during the three years preceding the commencement of this action through the date of judgment.

8

64.     Maryland Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Maryland at any time during the three years preceding the commencement of this action through the date of judgment.

65.     Virginia Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Virginia at any time during the three years preceding the commencement of this action through the date of judgment.

66.     Massachusetts Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Massachusetts at any time during the three years preceding the commencement of this action through the date of judgment.

67.     New Jersey Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in New Jersey at any time during the six years preceding the commencement of this action through the date of judgment.

68.     New York Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in New York at any time during the six years preceding the commencement of this action through the date of judgment.

69.     Connecticut Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Connecticut at any time during the three years preceding the commencement of this action through the date of judgment.

70.     Illinois Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Illinois at any time during the three years preceding the commencement of this action through the date of judgment.

71.     Kentucky Overtime Class: All salaried field service engineers employed by MXR Imaging, Inc. who performed work in Kentucky at any time during the three years preceding the commencement of this action through the date of judgment.

## COUNT I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime Wages
### 29 U.S.C. Sections 207 and 216(b)

72.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

73.     Plaintiff brings this count individually and on behalf of the FLSA Collective.

74.     At all relevant times, Defendant was an employer covered by the FLSA.

75.     At all relevant times, Bonds and FLSA Collective Members were employees covered by the FLSA.

76.     The FLSA requires covered employers to pay covered employees overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

77.     Defendant classifies field service engineers as exempt from overtime.

78.     Field service engineers do not satisfy any exemption from the FLSA's overtime requirements.

79.     Defendant regularly suffered and permitted Bonds and FLSA Collective Members to work in excess of forty (40) hours in a workweek.

80.     Defendant failed to pay Bonds and FLSA Collective Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

81.     Defendant's violations are willful.

82.     As a result of Defendant's violations, Bonds and FLSA Collective Members are entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, pre- and post-judgment interest, and all other relief available under the FLSA.

## COUNT II
### Violation of Michigan Overtime Law
### Failure to Pay Overtime Wages
### Mich. Comp. Laws Sections 408.934a and 408.967

10

83.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

84.    Plaintiff brings this count individually and on behalf of the Michigan Overtime Class.

85.    Bonds and Michigan Overtime Class Members performed work in Michigan for Defendant.

86.    Michigan law requires covered employers to pay employees compensation at not less than one and one-half times the regular rate for employment in a workweek in excess of forty (40) hours, unless an exception applies.

87.    Defendant regularly suffered and permitted Bonds and Michigan Overtime Class Members to work in excess of forty (40) hours in a workweek.

88.    Defendant failed to pay Bonds and Michigan Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

89.    As a result, Bonds and Michigan Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Michigan law.

## COUNT III
### Violation of the Pennsylvania Minimum Wage Act
### Failure to Pay Overtime Wages
### 43 P.S. Section 333.104(c)

90.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

91.    Plaintiff brings this count individually and on behalf of the Pennsylvania Overtime Class.

92.    Bonds and Pennsylvania Overtime Class Members performed work in Pennsylvania for Defendant.

11

93.     The Pennsylvania Minimum Wage Act requires employers to pay employees overtime compensation of not less than one and one-half times the employee's regular rate for hours worked over forty (40) in a workweek.

94.     Defendant regularly suffered and permitted Bonds and Pennsylvania Overtime Class Members to work in excess of forty (40) hours in a workweek.

95.     Defendant failed to pay Bonds and Pennsylvania Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

96.     As a result, Bonds and Pennsylvania Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Pennsylvania law.

**COUNT IV**
**Violation of the Maryland Wage and Hour Law**
**Failure to Pay Overtime Wages**
**Md. Code Ann., Lab. & Empl. Sections 3-415, 3-420, and 3-427**

97.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

98.     Plaintiff brings this count individually and on behalf of the Maryland Overtime Class.

99.     Bonds and Maryland Overtime Class Members performed work in Maryland for Defendant.

100.    Maryland law requires covered employers to pay overtime compensation for hours worked over forty (40) in a workweek, unless an exception applies.

101.    Defendant regularly suffered and permitted Bonds and Maryland Overtime Class Members to work in excess of forty (40) hours in a workweek.

102.    Defendant failed to pay Bonds and Maryland Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

12

103.    As a result, Bonds and Maryland Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Maryland law.

**COUNT V**
**Violation of Virginia Overtime Law**
**Failure to Pay Overtime Wages**
**Va. Code Sections 40.1-29.2 and 40.1-29(J)**

104.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

105.    Plaintiff brings this count individually and on behalf of the Virginia Overtime Class.

106.    Bonds and Virginia Overtime Class Members performed work in Virginia for Defendant.

107.    Virginia law requires covered employers to pay overtime compensation for hours worked over forty (40) in a workweek, unless an exception applies.

108.    Defendant regularly suffered and permitted Bonds and Virginia Overtime Class Members to work in excess of forty (40) hours in a workweek.

109.    Defendant failed to pay Bonds and Virginia Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

110.    As a result, Bonds and Virginia Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Virginia law.

**COUNT VI**
**Violation of Massachusetts Overtime Law**
**Failure to Pay Overtime Wages**
**Mass. Gen. Laws Ch. 151, Sections 1A and 20**

111.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

13

112.    Plaintiff brings this count individually and on behalf of the Massachusetts Overtime Class.

113.    Bonds and Massachusetts Overtime Class Members performed work in Massachusetts for Defendant.

114.    Massachusetts law requires covered employers to pay overtime compensation at not less than one and one-half times an employee's regular rate for hours worked over forty (40) in a workweek, unless an exception applies.

115.    Defendant regularly suffered and permitted Bonds and Massachusetts Overtime Class Members to work in excess of forty (40) hours in a workweek.

116.    Defendant failed to pay Bonds and Massachusetts Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

117.    As a result, Bonds and Massachusetts Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Massachusetts law.

**COUNT VII**
**Violation of New Jersey Wage and Hour Law**
**Failure to Pay Overtime Wages**
**N.J.S.A. Section 34:11-56a4(b); N.J.A.C. Section 12:56-6.4**

118.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

119.    Plaintiff brings this count individually and on behalf of the New Jersey Overtime Class.

120.    Bonds and New Jersey Overtime Class Members performed work in New Jersey for Defendant.

121.    New Jersey law requires covered employers to pay employees not less than one and one-half times their regular hourly rate for each hour of working time in excess of forty (40) hours in a week, unless an exception applies.

122. Defendant regularly suffered and permitted Bonds and New Jersey Overtime Class Members to work in excess of forty (40) hours in a workweek.

123. Defendant failed to pay Bonds and New Jersey Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

124. As a result, Bonds and New Jersey Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under New Jersey law.

**COUNT VIII**
**Violation of New York Labor Law**
**Failure to Pay Overtime Wages**
**N.Y. Lab. Law Sections 650 *et seq.*; 12 N.Y.C.R.R. Section 142-2.2**

125. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

126. Plaintiff brings this count individually and on behalf of the New York Overtime Class.

127. Bonds and New York Overtime Class Members performed work in New York for Defendant.

128. New York law requires covered employers to pay employees overtime at one and one-half times the employee's regular rate for hours worked over forty (40) in a workweek, unless an exception applies.

129. Defendant regularly suffered and permitted Bonds and New York Overtime Class Members to work in excess of forty (40) hours in a workweek.

130. Defendant failed to pay Bonds and New York Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

131.   As a result, Bonds and New York Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under New York law.

## COUNT IX
### Violation of Connecticut Overtime Law
### Failure to Pay Overtime Wages
### Conn. Gen. Stat. Sections 31-76b, 31-76c, 31-68, and 31-72

132.   Plaintiff realleges all preceding paragraphs as if fully set forth herein.

133.   Plaintiff brings this count individually and on behalf of the Connecticut Overtime Class.

134.   Bonds and Connecticut Overtime Class Members performed work in Connecticut for Defendant.

135.   Connecticut law requires covered employers to pay overtime compensation at not less than one and one-half times an employee's regular rate for hours worked over forty (40) in a workweek, unless an exception applies.

136.   Defendant regularly suffered and permitted Bonds and Connecticut Overtime Class Members to work in excess of forty (40) hours in a workweek.

137.   Defendant failed to pay Bonds and Connecticut Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

138.   As a result, Bonds and Connecticut Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Connecticut law.

## COUNT X
### Violation of Illinois Minimum Wage Law
### Failure to Pay Overtime Wages
### 820 ILCS 105/4a and 105/12

139.   Plaintiff realleges all preceding paragraphs as if fully set forth herein.

16

140.    Plaintiff brings this count individually and on behalf of the Illinois Overtime Class.

141.    Bonds and Illinois Overtime Class Members performed work in Illinois for Defendant.

142.    Illinois law requires covered employers to pay overtime compensation at not less than one and one-half times an employee's regular rate for hours worked over forty (40) in a workweek, unless an exception applies.

143.    Defendant regularly suffered and permitted Bonds and Illinois Overtime Class Members to work in excess of forty (40) hours in a workweek.

144.    Defendant failed to pay Bonds and Illinois Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

145.    As a result, Bonds and Illinois Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Illinois law.

**COUNT XI**
**Violation of Kentucky Wage and Hour Law**
**Failure to Pay Overtime Wages**
**Ky. Rev. Stat. Sections 337.285 and 337.385**

146.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

147.    Plaintiff brings this count individually and on behalf of the Kentucky Overtime Class.

148.    Bonds and Kentucky Overtime Class Members performed work in Kentucky for Defendant.

149.    Kentucky law requires covered employers to pay overtime compensation at not less than one and one-half times an employee's hourly wage rate for hours worked over forty (40) in a workweek, unless an exception applies.

17

150.    Defendant regularly suffered and permitted Bonds and Kentucky Overtime Class Members to work in excess of forty (40) hours in a workweek.

151.    Defendant failed to pay Bonds and Kentucky Overtime Class Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

152.    As a result, Bonds and Kentucky Overtime Class Members are entitled to recover unpaid overtime wages, liquidated damages or other statutory damages where available, attorneys' fees, costs, interest, and all other relief available under Kentucky law.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.    Designating this action as a collective action under 29 U.S.C. Section 216(b);

B.    Authorizing notice to all FLSA Collective Members and permitting them to opt into this action;

C.    Certifying the state-law overtime classes under Federal Rule of Civil Procedure 23;

D.    Appointing Plaintiff as class representative;

E.    Appointing Plaintiff's counsel as class counsel;

F.    Declaring that Defendant violated the FLSA and the state overtime laws asserted herein;

G.    Awarding unpaid overtime wages due;

H.    Awarding liquidated damages, statutory damages, penalties, and other enhanced damages available under federal and state overtime law;

I.    Awarding pre-judgment and post-judgment interest to the fullest extent permitted by law;

J.    Awarding reasonable attorneys' fees and costs;

K.      Ordering equitable and declaratory relief as appropriate;

L.      Granting a jury trial on all triable issues; and

M.      Awarding such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 with respect to the above cause.

Respectfully submitted,

Dated: June 17, 2026                                **BROWN, LLC**

/s/ *Achchana Ranasinghe*
Achchana Ranasinghe
Nicholas Conlon (PHV motion forthcoming)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ac@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*

19